## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLEY ST. JOHN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIN CAPITAL MANAGEMENT, LLC and | ) |
| LAW OFFICES HOWARD LEE SCHIFF, P.C., | ) |
| Defendants | ) |

## COMPLAINT

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3.      Plaintiff, Beverley St. John, is a natural person residing in Chelsea, Massachusetts.

4.      Defendant Erin Capital Management, LLC (hereafter "Erin Capital") is a debt buyer with a place of business at 35 East 21st Street, New York, NY, and at all relevant times was engaged in the business of collecting debts from Massachusetts residents through Defendant Law Offices Howard Lee Schiff, P.C. (hereafter "the Schiff Firm").

5.      At all relevant times, Erin Capital regularly attempted to collect debts owed or

due or asserted to be owed or due others.

6.      At all relevant times, Erin Capital used instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of consumer debts.

7.      At all relevant times, Erin Capital was a debt collector as that term is defined in FDCPA § 1692a(6).

8.      Defendant the Schiff Firm is a collection law firm organized as a corporation with a principal place of business in East Hartford, Connecticut and with a place of business at 340 Main Street, Suite 959, Worcester, Massachusetts, and at all relevant times was engaged in the business of collecting debts in Massachusetts.

9.      At all relevant times, the Schiff Firm regularly attempted to collect debts owed or due or asserted to be owed or due others.

10.     At all relevant times, the Schiff Firm used instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts.

11.     At all relevant times, the Schiff Firm was a debt collector as that term is defined in FDCPA § 1692a(6).

12.     At all relevant times, Defendant the Schiff Firm was the agent of Defendant Erin Capital acting with actual or apparent authority.

## FACTUAL ALLEGATIONS

13.     The Schiff Firm mailed a letter, dated July 15, 2007, to Plaintiff on behalf of Erin Capital in an attempt to collect an alleged debt to an unspecified original creditor on an unspecified account (hereafter "Alleged Debt").  A copy of that letter is attached hereto as **Exhibit 1**.

14.     Exhibit 1 seeks payment of a "CURRENT BALANCE DUE" of $7,614.06.

2

15.     The Schiff Firm mailed another letter, dated August 10, 2007, to Plaintiff on behalf of Erin Capital in an attempt to collect the Alleged Debt.  A copy of that letter is attached hereto as **Exhibit 2**.

16.     Exhibit 2 seeks payment of a  "CURRENT BALANCE DUE" of $7,614.06.

17.     On or about October 9, 2007, Erin Capital, represented by the Schiff Firm, filed a lawsuit against Plaintiff in the Chelsea, Massachusetts District Court (hereafter "collection lawsuit")

18.     The Statement of Damages filed by Erin Capital with the complaint in the collection lawsuit sought $7,614.06, described as "charges on account," "plus interest at 12.000% from 10/31/05."  A copy of the Statement of Damages is attached hereto as **Exhibit 3**.

19.     Also filed by Erin Capital with the complaint in the collection lawsuit was an "Affidavit of Debt and Verified Bill of Particulars" (hereafter "Affidavit").  A copy of the Affidavit is attached hereto as **Exhibit 4**.

20.     The Affidavit is that of Carl Fon, described as "Assistant Secretary," and purports to be made upon Mr. Fon's personal knowledge.

21.     The Affidavit contains a recitation of notarization by Albert McConnach, a New York notary public, bearing a September 6, 2007 date.

22.     Paragraph 1 of the Affidavit states that the Alleged Debt was "charged off by the original creditor on 06/30/04" and that "interest has NOT accrued since the charge-off date" [emphasis in original].

23.     Paragraph 1 of the Affidavit further states that the "claimed amount is the charged-off balance, less any post charge-off payments . . . ."

24.     Paragraph 5 of the Affidavit states that "[t]he Defendant(s) [the Plaintiff in the

instant case] is/are entitled to no defenses, setoffs, or counterclaims."

25.     Plaintiff was served with the summons and complaint in the collection lawsuit on

November 10, 2007.

26.     Sometime shortly after Plaintiff was served with the summons and complaint in

the collection lawsuit, Plaintiff telephoned the Schiff Firm twice in an attempt to avoid having

the case go before the court and spoke with two different agents of the Schiff Firm.

27.     The Schiff Firm's agents both told Plaintiff that the balance of the Alleged Debt

was almost $10,000.00 due to interest that had accumulated over years.

28.     The Schiff Firm's agents both tried to persuade Plaintiff to enter into a payment

arrangement for a monthly amount she could not afford, which Plaintiff rejected both times.

29.     Shortly thereafter, the Schiff Firm mailed another letter, dated November 14,

2007, to Plaintiff on behalf of Erin Capital in an attempt to collect the Alleged Debt.  A copy of

that letter is attached hereto as **Exhibit 5**.

30.     Exhibit 5 states:

Enclosed please find the Stipulation materials which you requested.  Please sign where
indicated and return them to us in the envelope provided.
        . . . .
It is our understanding that you wish to commence your payments of $300.00 to this
office on 12/15/07.

31.     Enclosed with Exhibit 5 was a document captioned "AGREEMENT FOR

JUDGMENT."  A copy of this Agreement for Judgment is attached hereto as **Exhibit 6**.

32.     The Agreement for Judgment states:

It is hereby agreed that judgment may be entered in this action for ERIN CAPITAL
MANAGEMENT, LLC the plaintiff herein, against the Defendant(s) herein BEVERLEY
S JOHN [sic] in the sum of $7,564.06 plus interest of $1,862.42, attorney fees of $0, and
costs; and execution to issue forthwith.
        . . . .
All parties below waive notice otherwise required by Rule 77.  [Emphasis in original].

4

The Agreement for Judgment contained a blank signature line for both the Schiff Firm's attorney and Plaintiff.

33.     The Plaintiff never agreed to any payment arrangement with the Schiff Firm, never agreed to have a judgment against her entered in the collection lawsuit, never requested stipulation materials and never agreed to any of the terms recited in Exhibits 5 and 6.

34.     The Schiff Firm mailed another letter, dated December 21, 2007, to Plaintiff on behalf of Erin Capital in an attempt to collect the Alleged Debt.  A copy of that letter is attached hereto as **Exhibit 7**.

35.     Exhibit 7 seeks payment of a "CURRENT BALANCE DUE" of $9,716.59.

36.     Plaintiff was unable to determine whether or not the Alleged Debt was hers or whether or not any of the several alleged balances of the Alleged Debt were accurate because, despite her many requests for some documentation of the Alleged Debt and its amount, Defendants have never provided any.

37.     No judgment against the Plaintiff was ever entered in the collection lawsuit, which was dismissed with prejudice on July 23, 2008.

### Count I  –  FDCPA CLAIMS against Defendant ERIN CAPITAL

38.     Plaintiff realleges paragraphs 1 through 37 above.

39.     Plaintiff is a consumer as that term is defined in FDCPA § 1692a(3).

40.     The alleged debt was a debt as that term is defined in FDCPA § 1692a(5).

41.     Erin Capital has violated the FDCPA. Erin Capital's violations include, but are not limited to:

        a.     False and misleading representations as to the amount of the Alleged Debt, in violation of  FDCPA §§ 1692e, 1692e(2)(A), 1692e(10), 1692f  and 1692f(1);

        b.     False and misleading representations as to the character of the Alleged

Debt, in violation of FDCPA §§ 1692e, 1692e(2)(A), 1692e(10);

c.      False and misleading representations as to the legal status of the Alleged

Debt, in violation of FDCPA §§ 1692e, 1692e(2)(A), 1692e(10);

d.      False and misleading representations as to compensations which may be

lawfully received for the collection of the Alleged Debt, in violation of FDCPA §§

1692e, 1692e(2)(B), 1692e(10), 1692f and 1692f(1);

e.      Collection of an amount not expressly authorized by the agreement

creating the debt or permitted by law, in violation of FDCPA §§ 1692f and 1692f(1);

f.      False and misleading representations in Exhibits 3 through 7, in violation

of FDCPA §§ 1692e and 1692e(10);

g.      False and misleading representations in the Schiff Firm's oral statements

to Plaintiff, in violation of FDCPA §§ 1692e and 1692e(10);

h.      False representations or implications that documents are not legal process

forms, in violation of FDCPA §§ 1692e(15), 1692e and 1692e(10);

i.      False, deceptive and misleading representations or means in connection

with the collection of the Alleged Debt, in violation of FDCPA §§ 1692e and 1692e(10);

and

j.      Use of unfair or unconscionable means to collect or attempt to collect the

Alleged Debt, in violation of FDCPA § 1692f.

42.     Plaintiff's claims are based on actions and conduct occurring after one year prior

to the date of the filing of this Complaint.

43.     Defendant Erin Capital is liable for the actions and conduct of the Schiff Firm in

attempting to collect the Alleged Debt.

**Count II – FDCPA CLAIMS against Defendant THE SCHIFF FIRM**

44.     Plaintiff realleges paragraphs 1 through 43 above.

45.     The Schiff Firm has violated the FDCPA.  The Schiff Firm's violations include, but are not limited to:

a.      False and misleading representations in Exhibits 6 and/or 7 and in Defendant's oral statements to Plaintiff as to the amount of the Alleged Debt, in violation of  FDCPA §§ 1692e, 1692e(2)(A), 1692e(10), 1692f  and 1692f(1);

b.      False and misleading representations in Exhibits 5, 6 and/or 7 and in Defendant's oral statements to Plaintiff as to the character of the Alleged Debt, in violation of  FDCPA §§ 1692e, 1692e(2)(A), 1692e(10);

c.      False and misleading representations in Exhibits 5, 6 and/or 7 and in Defendant's oral statements to Plaintiff as to the legal status of the Alleged Debt, in violation of  FDCPA §§ 1692e, 1692e(2)(A), 1692e(10);

d.      False and misleading representations in Exhibits 6 and/or 7 and in Defendant's oral statements to Plaintiff as to compensations which may be lawfully received for the collection of the Alleged Debt, in violation of  FDCPA §§ 1692e, 1692e(2)(B), 1692e(10), 1692f  and 1692f(1);

e.      Collection of an amount not expressly authorized by the agreement creating the debt or permitted by law through use of Exhibits 5, 6 and/or 7 and in Defendant's oral statements to Plaintiff, in violation of  FDCPA §§ 1692f  and 1692f(1);

f.      False and misleading representations in Exhibits 5 through 7, in violation of FDCPA §§ 1692e and 1692e(10);

g.      False and misleading representations in Defendant's oral statements to Plaintiff, in violation of FDCPA §§ 1692e and 1692e(10);

h.      False representations or implications that documents are not legal process

7

forms through use of Exhibits 5 and/or 6, in violation of FDCPA §§ 1692e(15), 1692e

and 1692e(10);

       i.      False, deceptive and misleading representations or means in connection

with the collection of the Alleged Debt through use of Exhibits 5, 6 and/or 7 and in

Defendant's oral statements to Plaintiff, in violation of FDCPA §§ 1692e and 1692e(10);

and

       j.      Use of unfair or unconscionable means to collect or attempt to collect the

Alleged Debt through use of Exhibits 5, 6 and/or 7 and in Defendant's oral statements to

Plaintiff, in violation of FDCPA § 1692f.

46.      Plaintiff's claims are based on the Defendant the Schiff Firm's actions and

conduct occurring after one year prior to the date of the filing of this Complaint.

## PLAINTIFF'S DAMAGES

47.      As a result of Defendants' violations of the FDCPA, Plaintiff suffered actual

damages, including legal costs to defend the collection lawsuit and emotional distress.

48.      Plaintiff is entitled to her actual damages pursuant to FDCPA § 1692k(a)(1).

49.      Plaintiff is also entitled to an award of statutory damages, FDCPA §

1692k(a)(2)(A).

50.      Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA §

1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Enter judgment for the Plaintiff and against Defendants in the amount of her

actual damages pursuant to FDCPA § 1692k(a)(1);

B.      Enter judgment for the Plaintiff and against Defendants for statutory damages

pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.      Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

D.      Grant such other and further relief as may be just and proper.

Beverley St. John, Plaintiff
by her Attorney,

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin