UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2008 DEC -8  A 10: 35

U.S. DISTRICT COURT
DISTRICT OF MASS

| | | |
|---|---|---|
| BEVERLY ST. JOHN | ) | CIVIL ACTION NO. 08 cv 11597 RGS |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| ERIN CAPITAL MANAGEMENT, LLC and | ) | |
| LAW OFFICES HOWARD LEE SCHIFF P.C. | ) | |
| Defendants | ) | |

## ANSWER TO COMPLAINT

Defendants, ERIN CAPITAL MANAGEMENT, LLC and LAW OFFICES HOWARD LEE SCHIFF P.C., hereby respond to the Complaint of the plaintiffs as follows:

1. Defendants cannot admit or deny the allegations contained in ¶1 based upon a lack of information.

2. Defendants cannot admit or deny the allegations contained in ¶2 based upon a lack of information.

3. Defendants admit the allegations of ¶3 based upon information and belief.

4. Defendants admit the allegations of ¶4.

5. Defendants admit the allegations of ¶5.

6. Defendants admit the allegations of ¶6.

7. Defendants admit the allegations of ¶7.

8. Defendants admit the allegations of ¶8.

9. Defendants admit the allegations of ¶9.

10. Defendants admit the allegations of ¶10.

11. Defendants admit the allegations of ¶11.

12. Defendants deny the allegations of ¶12.

13. Defendants admit the allegations of ¶13.

14. Defendants admit the allegations of ¶14.

15. Defendants admit the allegations of ¶15.

16. Defendants admit the allegations of ¶16.

17. Defendants admit the allegations of ¶17.

18. Defendants admit the allegations of ¶18.

19. Defendants admit the allegations of ¶19.

20. Defendants admit the allegations of ¶20.

21. Defendants admit the allegations of ¶21.

22. Defendants admit the allegations of ¶22.

23. Defendants admit the allegations of ¶23.

24. Defendants admit the allegations of ¶24.

25. Defendants admit the allegations of ¶25 based upon information and belief.

26. As to the allegations in ¶26, defendants admit that Ms. St. John called counsel on November 13, 2007 and spoke with staff, but leave the remainder of the allegations to plaintiff's proof.

27. Defendants deny the allegations of ¶27.

28. Defendants deny the allegations of ¶28 to the extent that they suggest that counsel's staff intentionally attempted to have Ms. St. John entered into any payment arrangement that she cannot afford; defendants further admit that Ms. St. John rejected any offers.

29. Defendants admit the allegations of ¶29.

30. Defendants admit the allegations of ¶30.

31. Defendants admit the allegations of ¶31.

32. Defendants admit the allegations of ¶32.

33. Defendants admit the allegations of ¶33.

34. Defendants admit the allegations of ¶34.

35. Defendants admit the allegations of ¶35.

36. Defendants deny the allegations of ¶36.

37. Defendants admit the allegations of ¶37.

## COUNT I

38. Defendants incorporate their responses to ¶s 1 through 37 above as thought set forth in full herein.

39. Defendants admit the allegations of ¶39 based upon information and belief.

40. Defendants admit the allegations of ¶40.

41. Defendants deny the allegations contained in ¶41.

42. Defendants deny the allegations contained in ¶42.

43. Defendants deny the allegations contained in ¶43.

## COUNT II

44. Defendant incorporates its responses to ¶s 1-43 above as though set forth in full herein.

45. Defendants deny the allegations contained in ¶45.

46. Defendants deny the allegations contained in ¶46.

47. Defendants deny the allegations contained in ¶47.

48. Defendants deny the allegations contained in ¶48.

49. Defendants deny the allegations contained in ¶49.

50. Defendants deny the allegations contained in ¶50.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff has failed to allege a cause of action upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff has failed to mitigate her damages.

**Third Affirmative Defense**

Despite repeated requests by defendant for a reasonable settlement demand by the plaintiffs, plaintiffs failed and refused to respond in an effort to increase attorney's fees and costs to defendant and their demand for more money from defendants.

**Fourth Affirmative Defense**

Defendants are entitled to seek prejudgment interest at a rate of 12% under Massachusetts law, and therefore, the creditor's suit for the principal amount due and interest at 12% is proper.

WHEREFORE, defendants pray that plaintiff recovers nothing in this action.

DEFENDANTS, ERIN CAPITAL MANAGEMENT LLC and

LAW OFFICES HOWARD LEE SCHIFF P.C.

_____
Karen J. Wisniowski  BBO#633018
Law Offices Howard Lee Schiff PC
Their Attorney
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

**CERTIFICATION**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, this 8th day of DECEMBER 2008, to the following counsel of record:

**COUNSEL FOR PLAINTIFF**
YVONNE W. ROSEMARIN, ATTORNEY AT LAW
LAW OFFICE OF YVONNE ROSEMARIN
58 MEDFORD STREET
ARLINGTON, MA  02474

_____
Karen J. Wisniowski

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.